UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14002-T/P-MIDDLEBROOKS/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS DANFORD,

    Defendant.
_____/

FILED by ___ D.C.
MAY - 3 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS
TO VIOLATIONS 1 THROUGH 4 INCLUSIVE AS SET FORTH IN THE
<u>PETITION FOR VIOLATIONS OF SUPERVISED RELEASE</u>**

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on May 3, 2016, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having convened a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on May 3, 2016 for a final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release which alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing and using a controlled substance. On or about April 1, 2016, the defendant admitted to possessing and using marijuana in November 2015. |
| **Violation Number 2** | **Violation of Standard Condition**, by associating with a person engaged in criminal activity. On or about April 1, 2016, the defendant admitted to being at a former co-worker's residence where the defendant and others were using marijuana. |
| **Violation Number 3** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. Between March 2015 and March 2016, the defendant |

|  |  |
|---|---|
|  | admitted to buying numerous hard core pornographic pay-per-view movies depicting adults engaged in sexually explicit conduct as evidenced by the defendant's monthly Direct TV billing statements. |
| **Violation Number 4** | **Violation of Special Condition**, by possessing or using a computer that contains an internal, external, or wireless modem without prior approval of the Court. On several occasions between January and March 2016, the defendant admitted to using his mother's computer without prior approval of the Court. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 through 4 inclusive as set forth in the Petition. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO Tango to Judge Middlebrooks dated April 6, 2016 which sets forth the essential elements of the violations to which the Defendant is admitting.

4. Counsel for the Defendant advised that a forensic examination is presently being conducted on the Defendant's mother's computer. This is being conducted by the United States Probation Office. There are no results at this time. Counsel for the Defendant simply asked this Court to place this fact in the Report and Recommendation

to the District Court and advise the District Court that, if necessary, counsel for the Defendant will address that issue at the time of sentencing.

5. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 through 4 inclusive of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 through 4 inclusive as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of May, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

3

Copies furnished:
Hon. Donald M. Middlebrooks
AUSA Daniel Funk
AFPD Fletcher Peacock
U. S. Probation (USPO Tango)